UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

**Bertha E Gutierrez,**  　　　　　　　　　　Case No. 8-20-7095-reg

　　　　　　　　　　　　　　　　　　　　　Chapter 7

　　　　　　　　　　　　　　　　　　　　　**HON. Robert E. Grossman**

　　　　　　　Debtor(s).
-------------------------------------------------------------------x

## MOTION FOR RELIEF FROM AUTOMATIC STAY
(*Final Judgment of Foreclosure Obtained*)

**TO:　THE HONORABLE ROBERT E. GROSSMAN
　　　UNITED STATES BANKRUPTCY JUDGE**

　　　Secured Creditor, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MLN1, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1.　Debtor(s), Bertha E Gutierrez, filed a voluntary petition pursuant to Chapter 7of the United States Bankruptcy Code on January 10, 2020.

2.　Secured Creditor filed a foreclosure complaint against the Debtor(s) on January 16, 2013 in the Supreme Court of the State of New York in Queens County, Index No.: 700154/2013, due to the default under the terms of the Note and Mortgage securing Secured Creditor's interest in certain real property located at 74-14 91 Avenue, Woodhaven, NY 11421, in Queens County, and legally described as:

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE BOROUGH AND COUNTY OF QUEENS, CITY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF 91ST AVENUE DISTANT 120.13 FEET NORTHEASTERLY FROM THE CORNER FORMED BY THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF 91ST AVENUE AND THE NORTHEASTERLY SIDE OF ELDERTS LANE;

RUNNING THENCE NORTHEASTERLY ALONG THE SOUTHEASTERLY SIDE OF 91ST AVENUE, 21.20 FEET;

THENCE SOUTHERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF 70 DEGREES 31 MINUTES 42.3 SECONDS WITH THE LAST MENTIONED COURSE AND PART OF THE DISTANCE THROUGH A PARTY WALL 109.13 FEET;

THENCE WESTERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF 78 DEGREES 45 MINUTES 22 SECONDS WITH THE LAST MENTIONED COURSE 20.38 FEET;

THENCE NORTHERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF 101 DEGREES 14 MINUTES 38 SECONDS WITH THE LAST MENTIONED COURSE AND PART OF THE DISTANCE THROUGH A PARTY WALL 98.09 FEET TO THE SOUTHEASTERLY SIDE OF 91ST AVENUE TO THE POINT OR PLACE OF BEGINNING.

3.   A Final Judgment of Foreclosure ("Judgment") was entered against the Debtor(s) on June 18, 2018 in the amount of $1,032,974.18. A true and accurate copy of the Judgment attached hereto as Exhibit "A." The Judgment has not been satisfied by the Debtor(s). In addition, the debtor is in default in the amount of $591,984.29. A true and accurate copy of Secured Creditor's statement in regard to indebtedness and default is attached hereto as Exhibit "B."

4.   The stated value, per Zillow.com, of the property is $929,815.00. See Exhibit "C" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

5.   As of the date of this Motion, the Debtor has not filed Schedules nor Statement of Intentions pertaining to said property; therefore the treatment of the subject property is unclear. The Trustee /has no> abandoned the property.

6.   Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor(s)' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured

Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

7.   If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

8.   Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9.   The Trustee shall be notified of any surplus monies realized upon sale of the property in a foreclosure proceeding brought by Secured Creditor.

10.  No previous application has been made for the relief request herein**.**

11.  Secured Creditor requests approval of legal fees in amount of $750.00 and costs in the amount of $181.00 associated with this motion.  Such fees and costs would not be collectable from the Debtor or chargeable to the Debtor's Bankruptcy estate.

*Space below intentionally left blank*

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and for any such further relief as this Honorable Court deems just and appropriate.


Dated: January 30, 2020
      Westbury, NY

                By: /s/ Barbara Whipple
                Barbara Whipple, Esq.
                Attorneys for Movant
                900 Merchants Concourse, Suite 310
                Westbury, New York 11590
                516-280-7675
                bwhipple@rasflaw.com