**EXHIBIT "A"**

At *I.A.S.* Part~~ ~~ FM.SC of the
Supreme Court of the State of New
York, held in and for the County of
Queens, at the Courthouse thereof,
located at 88-11 Sutphin Boulevard,
Jamaica, New York, 11435, on the
18 day of June , 20 18

SEQUENCE NO. 3

PRESENT:

HON. JEREMY S. WEINSTEIN , J.S.C.

HON:

_____
                Justice

------------------------------------------------------------------X   Index No.: 700154/2013

Deutsche Bank National Trust Company, as Trustee for the
Certificate holders of Merrill Lynch Mortgage Investors
Trust, Mortgage Loan Asset-Backed Certificates, Series
2007-MLN1,

                                        Plaintiff,

                -against-

Bertha Gutierrez, Mortgage Electronic Registration
Systems, Inc., acting solely as nominee for Mortgage
Lenders Network USA, Inc., Allstate Insurance Company,
New York City Environmental Control Board, New York
City Parking Violations Bureau,
New York City Transit Adjudication Bureau, Rolando
Liriano, Yesenia Liriano, Augusto Liriano, Nurisa
Gutierrez, Sandy Gutierrez, Wendy Ruiz, Raymond Velez,

                                        Defendants.

------------------------------------------------------------------X

**JUDGMENT OF
FORECLOSURE
AND SALE**

FILED & RECORDED

JUN 25 2018

COUNTY CLERK
QUEENS COUNTY

Plaintiff, Deutsche Bank National Trust Company, as Trustee for the Certificate holders

of Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series

2007-MLN1, having moved this court for an Order confirming the report of the referee and for a

Judgment of Foreclosure and Sale and the said Motion having regularly come on to be heard on

August 8, 2017 and no appearance having been required or made by the attorneys for the parties

1

herein and upon submission and due deliberation having been had thereon.

NOW, on the Summons, Complaint and Notice of Pendency duly filed in this action in

the Office of the Clerk of the County of Queens on January 16, 2013, the second Notice of

Pendency filed December 18, 2015, and all proceedings had thereon; and upon reading and filing

the Notice of Motion dated March 1, 2017 the affirmation of regularity of Robert Tremaroli, Esq.

dated March 1, 2017, with exhibits annexed, showing that all of the Defendants herein have been

duly served within this State with the Summons in this action, or have voluntarily appeared by

their respective attorneys; and on the proof of service upon and appearance by the Defendant(s)

herein heretofore filed in this action; and stating that more than the legally required number of

days have elapsed since said Defendants were so served; and that none of the Defendants has

served an Answer to said Complaint, except for Bertha Gutierrez, whose answer was stricken and

summary Judgment awarded to the Plaintiff pursuant to the Order of the Court dated October 7,

2016, nor has their time to do so been extended and upon the affirmation of services rendered of

Robert Tremaroli dated March 1, 2017, and

ON the Order Granting Summary Judgment dated October 7, 2016, appointing Kristen

A. Mantell, Esq., as referee in this action to ascertain and compute the amount due, and to

examine the Plaintiff or its agent under oath as to the allegations contained in the Complaint, and

to examine and report whether the mortgaged premises should be sold in one or more parcels,

and on reading and filing the Oath and Report of the aforesaid Referee sworn to and dated

January 17, 2017, it appears that the sum of $1,032,974.18 was due Plaintiff, as of November 9,

2016, plus a per diem interest for every day thereafter, on the date of said report and that the

mortgaged premises should be sold in one parcel, and after due deliberation having been had

thereon; and upon reading and filing the decision of the Court dated October 31, 2017.

NOW, upon Motion of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for

the plaintiff, ~~it is~~ and upon reading and filing the decision of the Court *dated October 31st, 2017,* *it is*

ORDERED, that the Motion is granted, without opposition; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the said report of Kristen A. Mantell, Esq., dated January 17, 2017 the said referee be and the same hereby is in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the mortgaged premises described in the Complaint in this action, and hereinafter described, or such part thereof as may be sufficient to discharge the mortgage debt under the note and mortgage, the expenses of sale and the costs of this action as provided by the Real Property Actions and Proceedings law be sold, in one parcel, at public auction at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York, 11435, in Courtroom # 25 at 10:00 A.M. on a Friday, by and under the direction of Kristen A. Mantell, Esq., who is hereby appointed referee for that purpose within 90 days of entry of this Judgment; in the absence of the designated referee, the Court will designate a substitute referee forthwith; that the said referee give public notice of the time and place of such sale in accordance with law, practice of this Court and R.P.A.P.L sec. 231 in _____

_____ *The Queens Daily Eagle* _____, and *NEWSPAPER* that the plaintiff or any parties to this action, may become the purchaser at such sale; that in case the plaintiff becomes the purchaser at such sale, they shall not be required to make any deposit thereon; that said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the event a party other than the Plaintiff becomes the purchaser or purchasers at such sale, they shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

3

Case 8-20-70195-reg    Doc 9-3    Filed 01/30/20    Entered 01/30/20 10:19:51    INDEX NO. 70Q154/2013

RECEIVED NYSCEF: 06/25/2018

**ORDERED, ADJUDGED AND DECREED**, that the Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee, upon receiving the proceeds of the sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED and DECREED**, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Signature Bank, Jamaica NY BANK_ and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository:

**FIRST:**      The statutory fees of the Referee in the sum of **$500.00**;

**SECOND:**   The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale. The Referee shall not be held responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties assessed.

**THIRD:** _i.c._  Said Referee shall also pay to the Plaintiff, or Plaintiff's attorney, the sum of $ _2230 00/00_ to be determined by the Clerk and adjudged to the Plaintiff for costs

4

and disbursements in this action to be taxed by the Clerk and inserted herein, with interest

thereon from the date hereof; together with an additional allowance of $ ___0___

hereby awarded to the Plaintiff in addition to costs, with interest thereon from the date

hereof, and also the sum of **$1,032,974.18** the said amount so reported due as aforesaid,

together with interest thereon from  November 9, 2016 the date interest was calculated to

in said report, or so much thereof as the purchase money of the mortgaged premises will

pay of the same, together with any advances necessarily paid by the Plaintiff for taxes,

fire insurance, principal and interest to prior mortgages to preserve and or maintain the

premises not previously included in any computations, upon presentation of receipts for

said expenditures to the Referee, together with $ _2,750.00_ hereby awarded to the

Plaintiff as reasonable legal fees herein, together with any advances as provided for in the

note and mortgage, which Plaintiff has made for taxes, insurance, principal and interest

and any other charges due to prior mortgages, or to maintain the premises pending

consummation of this foreclosure sale, not previously included in the computation and

upon presentation of receipts for said expenditures to the Referee, all together with

interest thereon pursuant to the note and mortgage.

**FOURTH:**    If such Referee intends to apply for a further allowance for his/her fees,

he/she may leave upon deposit such amount as will cover such additional allowance, to

await the further order of this Court thereon after application duly made upon due notice

to those parties entitled thereof.


That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, or in

the event that the rights of the purchasers at said and the terms of sale under this judgment shall

be assigned to and be acquired by the Plaintiff, and a valid assignment thereof filed with said

Referee, said Referee shall not require the Plaintiff to pay in ash the entire amount bid at said

sale, but shall execute and deliver to the Plaintiff, or it's assignee, a deed or deeds of the

premises sold upon the payment to said Referee of the amount specified above in items marked

"FIRST" and "SECOND" and the amounts of the aforesaid taxes, assessments, sewer rents and

water rates, with interest and penalties thereon, or, in lieu of the payment of said last mentioned

amounts, upon filing with said Referee receipts of the proper municipal authorities showing

payment thereof; that the balance of the amount bid, after deducting therefrom the aforesaid

amounts paid by the Plaintiff for Referee's fees, advertising expenses, taxes, assessments, sewer

rents and water rates shall be allowed to the Plaintiff and applied by said Referee upon the

amounts due to the Plaintiff as specified in item marked "THIRD"; that if after so applying the

balance of the amount bid, there shall be a surplus over and above the said amounts due to the

Plaintiff, the Plaintiff shall pay to the said Referee, upon deliver to Plaintiff or said Referee's

deed, the amount of such surplus; that said Referee, upon receiving said several amounts from

the Plaintiff, shall forthwith pay therefrom said taxes, assessments, sewer rents and water rates,

with interest and penalties thereon, unless the same have already been paid, and shall then

deposit the balance.

The said Referee shall take the receipt of the Plaintiff, or the attorneys for the Plaintiff,

for the amounts paid as directed in item "THIRD" above, and file it with his/her report of sale;

that he/she deposit the surplus monies, if any, with the Queens County Clerk within five days

after the same shall be received and be ascertainable, to the credit of this action, to be withdrawn

only on an order of this Court, signed by a Justice of this Court. The Referee shall make his/her

report of such sale under oath showing the disposition of the proceeds of the sale and

6

accompanied by the vouchers of the persons to whom payments were made, and shall file it with

the Queens County Clerk within thirty days after completing the sale and executing the proper

conveyance to the purchaser, and that if the proceeds of such sale be insufficient to pay the

amount reported due to the Plaintiff with interest and costs as aforesaid, the said Referee shall

specify the amount of such deficiency in his/her report of sale; that the Plaintiff shall recover

from the Defendant(s), Bertha Gutierrez, the whole deficiency or so much thereof as this Court

may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied

after a sale of the mortgaged premises and the application of the proceeds thereof, provided a

motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real

Property Actions and Proceedings Law within the time limited therein, and the amount thereof is

determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at said

sale be let into possession on production or delivery of the Referee's deed or deeds; and it is

further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this

action and all persons claiming under them, or any or either of them, after the filing of such

notice of pendency of this action, be and they are hereby forever barred and foreclosed of all

right, claim, lien, interest, and equity of redemption in said mortgaged premises and each and

every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said premises is to be sold in one

parcel in "as is' physical order and condition, subject to any state of facts that an inspection of

the premises would disclose; any state of facts that an accurate survey of the premises would

show; any covenants, restrictions, declarations, reservation, easements, rights of way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior, liens of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law; and equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from the date of sale; and it is further

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.

Said premises commonly known as 74-14 91st Avenue, Woodhaven, NY 11421. A description of said mortgaged premises is annexed hereto and made a part hereof as Schedule "A".

ENTER:

HON. JEREMY S. WEINSTEIN

Justice of the Supreme Court

FILED & RECORDED

JUN 25 2018

COUNTY CLERK
QUEENS COUNTY

Deckay I. Phoffer
CLERK

ENTERED
4:17 PM
JUN 25 2018
COUNTY CLERK
QUEENS COUNTY

8

EXHIBIT A

ALL THAT CERTAIN PLOT, PIECE OR PARCEL OF LAND WITH THE
BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING
AND BEING IN THE BOROUGH AND COUNTY OF QUEENS, CITY AND
STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHEASTERLY SIDE OF 91ST AVENUE
DISTANT 120.13 FEET NORTHEASTERLY FROM THE CORNER FORMED BY
THE INTERSECTION OF THE SOUTHEASTERLY SIDE OF 91ST AVENUE
AND THE NORTHEASTERLY SIDE OF ELDERTS LANE;

RUNNING THENCE NORTHEASTERLY ALONG THE SOUTHEASTERLY SIDE
OF 91ST AVENUE, 21.20 FEET;

THENCE SOUTHERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF
70 DEGREES 31 MINUTES 42.3 SECONDS WITH THE LAST MENTIONED
COURSE AND PART OF THE DISTANCE THROUGH A PARTY WALL 109.13
FEET;

THENCE WESTERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF 78
DEGREES 45 MINUTES 22 SECONDS WITH THE LAST MENTIONED
COURSE 20.38 FEET;

THENCE NORTHERLY ALONG A LINE FORMING AN INTERIOR ANGLE OF
101 DEGREES 14 MINUTES 38 SECONDS WITH THE LAST MENTIONED
COURSE AND PART OF THE DISTANCE THROUGH A PARTY WALL 98.09
FEET TO THE SOUTHEASTERLY SIDE OF 91ST AVENUE TO THE POINT OR
PLACE OF BEGINNING.

Case 8-20-70195-reg   Doc 9-3   Filed 01/30/20   Entered 01/30/20 10:19:51

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X      Index No.: 700154/2013

Deutsche Bank National Trust Company, as Trustee for the
Certificate holders of Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates, Series 2007-
MLN1,

                                            Plaintiff,            **COSTS OF PLAINTIFF**

                        -against-

Bertha Gutierrez, Mortgage Electronic Registration Systems,
Inc., acting solely as nominee for Mortgage Lenders Network
USA, Inc., Allstate Insurance Company, New York City
Environmental Control Board, New York City Parking
Violations Bureau,
New York City Transit Adjudication Bureau, Rolando
Liriano, Yesenia Liriano, Augusto Liriano, Nurisa Gutierrez,
Sandy Gutierrez, Wendy Ruiz, Raymond Velez,

                                            Defendants.

-----------------------------------------------------------------X

WITHIN COSTS TAXED without NOTICE
AT $ 2230.00

JUN 25 2018

Audrey I. Pheffer
COUNTY CLERK QUEENS COUNTY

**COSTS OF PLAINTIFF:**

Costs before note of issue
       CPLR Sec. 8201 (1)............................................................$ 200.00
Costs after note of issue
       CPLR Sec. 8201 (2)..........................................................    -0-
Trial of issue
       CPLR Sec. 8201 (3)...........................................................    -0-
Allowance by statute
       CPLR Sec. 8302 (a) (b)....................................................$ 150.00

       Percentage on
       $200.00 at 10%
               (not exceeding $200.00).......................    $ 20.00

       additional $800.00 at 5%
               (not exceeding $800.00)......................    $ 40.00

       additional $2,000.00 at 2%
               (not exceeding $2,000.00).................    $ 40.00

additional $5,000.00 at 1%
    (not exceeding $5,000.00).................    $50.00

Additional allowance
    CPLR Sec. 8302 (d)...........................................................$ 50.00

Motion costs
    CPLR Sec. 8202.................................................................  -0-
Discretionary Allowance
    CPLR Sec. 8303 (a) (1)...................................................$ 00.00

                                     COSTS    $ 400.00

## DISBURSEMENTS:

Fee for index number CPLR Sec. 8018(a).............................................$400.00
Fee for Request for Judicial Intervention.........................................$ 95.00
Referee's fees CPLR Sec. 8301(a)1, 8003(a)....................................$250.00✓
Commissioner's compensation CPLR Sec. 8301(a)2.......................................
Clerk's fee, filing notice of pend. or attach.
    CPLR Sec. 8018(e), 8021(a)12..........................................$ 70.00
Clerk's fee, filing notices of motion
    CPLR Sec. 8022(b),...................................................  $ 90.00
Clerk's fee cancel. notice of pend.
    CPLR Sec. 8021(a)12....................................................
Entering and docketing judgment
    CPLR Sec. 8301(a)7, 8016(a)2............................................
Paid for searches CPLR Sec. 8301(a)10...............................$353.04 $275.00
Affidavits & acknowledgments CPLR Sec. 8009...........................................
Serving copy Summons & Complaint
    CPLR Sec. 8011(c) 1 CPLR Sec. 8301(d)............................$1,215.00 $650.00
Note of issue CPLR Sec. 8020(a)........................................................
Paid Referee's report CPLR Sec. 8301(a)12.............................................
Certified copies of papers CPLR Sec. 8301(a)4.........................................
Satisfaction piece CPLR Sec. 5020(A), 8021..................................$
Transcripts and filing CPLR Sec. 8021................................................
Certified copy of judgment CPLR Sec. 8021.............................................
Postage CPLR Sec. 8301(a)12...........................................................
Jury fee CPLR Sec. 8020(c)1...........................................................
Stenographer's fees CPLR Sec. 8002, 8301..............................................
Sheriff's fees on execution
    CPLR Sec. 8011(b), 8012................................................
Sheriff's fees, attachment, arrest, etc.
    CPLR Sec. 8011(a) (c)2, 3(g).............................................

Paid printing cases CPLR Sec. 8301(a)6.............................................................
Clerk's fees Court of Appeals
         CPLR Sec. 8301(a)12...........................................................
Copies of papers CPLR Sec. 8301(a)12..............................................................
Motion expenses CPLR Sec. 8301(b)..................................................................
Fees for publication CPLR Sec. 8301(a)3............................................................
Serving subpoena CPLR Sec. 8011(c)1, 8301(d)................................................
Paid for Register's Search CPLR Sec. 8301(a)10.................................................
Paid for County Clerk's Search...........................................................................
Paid for Loan Commissioner's Search.................................................................
Paid for U.S. District Court Search......................................................................
Paid for U.S. Circuit Court Search......................................................................
Paid for Tax Search..................................................................$54.31

DISBURSEMENTS:                    ~~$2,527.35~~  $1,830.00

TOTAL COSTS AND DISBURSEMENTS:    ~~$2,927.35~~  $2,230.00

Dated: Bay Shore, New York
March 1, 2017

Frenkel, Lambert, Weiss, Weisman & Gordon,
LLP

_____
Robert Tremaroli, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------X  Index No.: 700154/2013
Deutsche Bank National Trust Company, as Trustee for the
Certificate holders of Merrill Lynch Mortgage Investors Trust,
Mortgage Loan Asset-Backed Certificates, Series 2007-
MLN1,

                                            Plaintiff,        **ATTORNEY'S AFFIRMATION**

        -against-

Bertha Gutierrez, Mortgage Electronic Registration Systems,
Inc., acting solely as nominee for Mortgage Lenders Network
USA, Inc., Allstate Insurance Company, New York City
Environmental Control Board, New York City Parking
Violations Bureau,
New York City Transit Adjudication Bureau, Rolando
Liriano, Yesenia Liriano, Augusto Liriano, Nurisa Gutierrez,
Sandy Gutierrez, Wendy Ruiz, Raymond Velez,

                                            Defendants.
-------------------------------------------------------X

        Robert Tremaroli, an attorney duly admitted to practice law before the Courts of the State of

New York, hereby affirms that:

        1.      I am an attorney with the firm of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP,

the attorneys of record for the plaintiff in this action. The foregoing disbursements have been or will

be necessarily made or incurred in this action and are reasonable in Amount and the copies of the

documents or papers as charged herein were actually and necessarily obtained for use.

        2.      I affirm that the foregoing statements are true under penalties of perjury.


Dated: Bay Shore, New York
       March 1, 2017

                                            _____
                                            Robert Tremaroli

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)
-----------------------------------------------------------------x

In re:

**Bertha E Gutierrez,**                              Case No. 8-20-7095-reg
                                                     Chapter 7
                                                     **HON. Robert E. Grossman**

                    Debtor(s).

-----------------------------------------------------------------x

## RELIEF FROM STAY – REAL ESTATE AND
## COOPERATIVE APARTMENTS

### BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT: 74-14 91 Avenue, Woodhaven, NY 11421

2. LENDER NAME: DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR

MERRILL LYNCH MORTGAGE INVESTORS TRUST, MORTGAGE LOAN ASSET-BACKED

CERTIFICATES, SERIES 2007-MLN1

3. MORTGAGE DATE: 11/08/2006

4. POST-PETITION PAYMENT ADDRESS: Nationstar Mortgage LLC, Attn: Bankruptcy Dept., PO Box

619094, Dallas, TX 75261-9741

### DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE
MOTION FILING DATE: $1,449,260.90
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS
OF THE MOTION FILING DATE: $929,815.00

7. SOURCE OF ESTIMATED MARKET VALUE: Zillow.com

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

    A. TOTAL: **$1,449,260.90**

    B. PRINCIPAL: **$648,581.82**

    C. INTEREST: **$504,214.68**

    D. ESCROW (TAXES AND INSURANCE): **$281,562.98**

    E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: **$0.00**

    F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): **$0.00**

    G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): **$0.00**

THE PRE-PETITION DEFAULT AMOUNT IS $591,984.29 BASED UPON 1 MISSED PAYMENTS IN THE AMOUNT OF $4,623.60; 84 MISSED PAYMENTS IN THE AMOUNT OF $4,561.66; 6 MISSED PAYMENTS IN THE AMOUNT OF $4,561.65; 6 MISSED PAYMENTS IN THE AMOUNT OF $4,561.66; 14 MISSED PAYMENTS IN THE AMOUNT OF $4,561.65; 9 MISSED PAYMENTS IN THE AMOUNT OF $4,566.29; 6 MISSED PAYMENTS IN THE AMOUNT OF $4,582.53; 2 MISSED PAYMENTS IN THE AMOUNT OF $8,493.25

9. CONTRACT INTEREST RATE: 7.25%
*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: Corporate Advances $14,901.42

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

# AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: 05/01/2009

13.  NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: 0 PAYMENTS.POST-PETITION PAYMENTS IN DEFAULT:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| N/A | N/A | N/A | N/A | N/A | N/A | N/A |
| TOTAL: | N/A | N/A | N/A | N/A | N/A | N/A |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

| | |
|---|---|
| A. TOTAL: | **$931.00** |
| B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION: | **$750.00** |
| C. FILING FEE IN CONNECTION WITH THIS MOTION: | **$181.00** |
| D. OTHER POST-PETITION ATTORNEYS' FEES: | **$0.00** |
| E. POST-PETITION INSPECTION FEES: | **$0.00** |
| F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES: | **$0.00** |
| F. FORCED PLACED INSURANCE EXPENDED BY MOVANT: | **$0.00** |

15. AMOUNT HELD IN SUSPENSE BY MOVANT:  $0.00

16.    OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: _____.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2)    COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A.)

(3)    COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT A.)

## DECLARATION AS TO BUSINESS RECORDS

I, Chastity Wilson _____, THE Assistant Secretary _____ OF
Nationstar Mortgage LLC DBA Mr. Cooper THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION
1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS
ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY
PARAGRAPHS 1 ,2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME
OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A
PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE
REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE
REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS
FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE
ORIGINAL DOCUMENTS.

EXECUTED AT Lewisville, Texas
ON THIS  29   DAY OF  January    , 20 20

Chastity Wilson
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper
Affiant

_Chastity Wilson_

<NAME> <TITLE>
Nationstar Mortgage LLC d/b/a Mr. Cooper
Attn: Bankruptcy Dept
8950 Cypress Waters Blvd
Coppell, Texas 75019

## DECLARATION

I,  Chastity Wilson _____, THE Assistant Secretary _____ OF
 Nationstar Mortgage LLC DBA Mr. Cooper  , THE MOVANT HEREIN, DECLARE PURSUANT TO 28
U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT Lewisville, Texas
ON THIS  29   DAY OF  January    , 20 20

Chastity Wilson
Assistant Secretary of Nationstar Mortgage LLC
d/b/a Mr. Cooper
Affiant

_Chastity Wilson_

<NAME> <TITLE>
Nationstar Mortgage LLC d/b/a Mr. Cooper
Attn: Bankruptcy Dept
8950 Cypress Waters Blvd
Coppell, Texas 75019

# EXHIBIT "C"

7414 91st Ave, Jamaica, NY 11421 | Zillow

# $929,815 **5** bd | **3** ba | **3,100** sqft

**7414 91st Ave, Jamaica, NY 11421**

**Pre-foreclosure / auction** | **Foreclosure Estimate**: $929,815 | View Details

Get more info



| Time on Zillow | Views | Saves |
|---|---|---|
| **4787 days** | **122** | **2** |

This 3100 square foot multi family home has 5 bedrooms and 3.0 bathrooms. It is located at 7414 91st Ave Jamaica, New York.

7414 91st Ave, Jamaica, NY 11421 | Zillow